Case 4:13-cv-00392-A Document 18 Filed 07/30/13 Page 1 of 11 PageID 136

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 3 0 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES GOSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-392-A |
| | § | |
| CITY OF FOREST HILL, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the Rule 12(b)(6) motion to dismiss filed by defendants, City of Forest Hill, Sheye Ipaye, and Damian Dalcour, on July 27, 2013. After having considered such motion, plaintiff's opposition thereto, all other parts of the record, and pertinent legal authorities, the court has concluded that such motion should be granted.

I.

Background and Procedural History

A. Initiation of Action in State Court and Its Removal to This Court

This action was initiated by plaintiff, James Gosey, by the filing on March 8, 2013, in the District Court of Tarrant County, Texas, 153rd Judicial District, of his original petition. His petition had sketchy allegations consistent with the Texas "Fair Notice" standard for pleading. See Horizon/CMS Healthcare Corp.

v. Auld, 34 S.W.3d 887, 896 (Tex. 2000). On May 14, 2013, two of the defendants, City of Forest Hill ("City") and Sheye Ipaye ("Ipaye") filed their notice of removal, causing plaintiff's state court action to be removed to this court.[1]

B. **The Court's May 16, 2013 Order Requiring Repleading Consistent with Federal Court Pleading Requirements**

On May 16, 2013, the court issued an order directing that plaintiff file by May 30, 2013, an amended complaint in compliance with Rules 8(a) and 10 of the Federal Rules of Civil Procedure. The order was issued pursuant to the authority of Rule 81(c) of the Federal Rules of Civil Procedure, which provides that in a removed action "repleading is unnecessary unless the court orders it." The court pointed out in the order that the federal rules of pleading differ from Texas state court rules, and explained that:

> Federal courts . . . require that a complaint contain sufficient facts to show that a plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Further, the court does not accept conclusory allegations or speculative deductions as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

May 16, 2013 Order at 2.

The May 16 order concluded with a warning, in the form of an order, that failure to comply with the terms of the order "may

---

[1] The notice of removal explained that the third defendant, Damian Dalcour, was not a party to the removal because he had not been served with process.

result in the imposition of sanctions, including dismissal of the action . . . , without further notice." Id. at 3.

C. The Document Filed by Plaintiff on May 30, 2013

On May 30, 2013, plaintiff filed a document titled "Plaintiff's Amended Complaint and Jury Demand," presumably in purported compliance with the directive of the May 16, 2013 order that plaintiff file an amended pleading in compliance with the federal requirements, including the requirements spelled out in Ashcroft v. Iqbal and Bell Atl. Corp. v. Twombly. In fact, the May 30 "amended complaint" for all practical purposes completely ignored the instructions given in the May 16 order relative to the court's expectations in the ordered amended complaint.

A comparison of the allegations of the pleading by which plaintiff initiated this action in state court, which appears under Tab 2 of the exhibits to the notice of removal, with those in the document filed May 30 discloses that plaintiff chose to defy the expectations the court expressed in the May 16 order by repeating almost verbatim in the May 30 filing the contents of the pleading by which plaintiff had initiated the action in state court. Except for the change in one word, the wording of the substantive allegations in the two documents appears to be identical. So far as the court can tell, the wording under the heading "Facts" in the two documents is identical. The only

difference is a format change. In the state court pleading, the "Facts" section is in narrative form, while in the document filed May 30 exactly the same words and sentences are used but instead of being in narrative form, each sentence is treated as a separate paragraph with a separate paragraph number. The same is true of the allegations under the headings, in both pleadings, "Causes of Action," "Damages," "Attorneys' Fees," and "Prayer." The only difference between the wording of the document filed May 30 and the state court pleading is that in the first sentence under the heading "Causes of Action" the word "Texas" used in the state court pleading was changed to the word "Federal" in the May 30 filing.

D.  Stay of the Proceedings at Plaintiff's Request

On May 31, 2013, plaintiff filed a motion to stay the proceedings in this action pending expiration of his active duty and deployment to Afghanistan as a member of the Army Reserves. On June 5, 2013, the court granted plaintiff's motion to stay, and directed him to inform the court by appropriate written filing of the completion of his deployment to Afghanistan. On June 13, 2013, all defendants filed a motion titled "Motion to Reconsider Order Granting Stay of Proceedings" asking the court to modify its June 5 stay order for the limited purpose of allowing defendants to file a Rule 12(b)(6) motion to dismiss. A

copy of the proposed motion was attached as an exhibit to the motion asking for permission to file it. The June 13 motion alerted plaintiff to the awareness of defendants that plaintiff had failed to comply with the requirements of the May 16 repleading order, alleging, in that regard, the following:

> 2. On May 16, 2013, the Court *sua sponte* issued its Order requiring Plaintiff to file, by May 30, 2013, an amended complaint that complied with the requirements of Rules 8(a) and 10, Fed. R. Civ. Pro., and the Local Rules of the Court. Specifically, the Court noted that the amended complaint must comply with the requirement set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that it contain sufficient facts (as opposed to conclusory allegations or speculative deductions) to show that plaintiff's right to relief is plausible. . . .
>
> 3. Plaintiff timely filed his Amended Complaint on May 30, 2013. ECF Doc. No. 7.
>
> . . . .
>
> 5. Plaintiff's Amended Complaint does not show that plaintiff's right to relief is plausible and does not state a claim upon which relief may be granted. Specifically, the Amended Complaint does not, with regard to [plaintiff's] claim under 42 U.S.C. § 1983, identify any underlying Constitutional or federal law right alleged to have been violated nor does it allege facts sufficient to plausibly support a claim that any such deprivation of federal rights as taken under color of state law. . . .

Mot. to Reconsider at 2, ¶¶ 2, 3, and 5.

On June 26, plaintiff filed a notice informing the court that his term of duty in Afghanistan had expired. Plaintiff

requested that the stay order be continued in effect until he has been released from his duty to the United States and has returned to Tarrant County permanently in 2014. By order signed June 27, 2013, the court lifted the stay of proceedings, and permitted the parties to go forward with the litigation.[2]

E.  Defendants' Rule 12(b)(6) Motion to Dismiss

On June 27, 2013, defendants filed their Rule 12(b)(6) motion to dismiss in the form of the proposed motion to dismiss that was attached to the defendants' June 13 filing as an exhibit. The grounds of the motion centered on plaintiff's failure to comply with the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court in Ashcroft v. Iqbal and Bell Atl. Corp. v. Twombly. Put another way, defendants pointed out, in some detail, the reasons why the conclusion must be reached that plaintiff ignored the requirements of, and violated, the May 16 order requiring plaintiff to replead.

F.  Brief in Opposition

On July 18, 2013, plaintiff filed a "Brief in Opposition to Defendants' Motion to Dismiss and in Support of Motion to Amend

---

[2] The court is including information concerning the stay of the proceedings in the interest of completeness. Plaintiff has not suggested that his military service was a factor in his failure to comply with the court's May 16 order or for the court to consider as to whether a dismissal should be ordered at this time.

Complaint." In that document, plaintiff defined the issue to be ruled upon as "[w]hether Plaintiff has sufficiently alleged facts, or can allege facts supporting a plausible claim for relief under 42 U.S.C. § 1983 against Defendants." Br. at 2. He then proceeds with arguments, based in part on facts that are not alleged in his complaint, that simply do not address the inadequacies of the complaint under the Rule 8(a) standard, as interpreted by the Supreme Court. In other words, plaintiff does not make a meaningful response to defendants' motion to dismiss, nor does he provide any explanation as to why he failed to comply with the directives of the May 16 replead order. The brief ends with a "Conclusion" section that reads in its entirety as follows:

> The Plaintiff submits this Brief in Opposition to Defendants' Motion to Dismiss to demonstrate to the Court that he is able to amend his Complaint to comply with the Federal Rules of Civil Procedure and state a claim against the Defendants in either or both of their official and individual capacity and seeks leave to do so.

Br. at 7-8.

## II.

### Dismissal is Appropriate for Two Reasons

Plaintiff virtually admits in the conclusion of his brief that he has not pleaded a cause of action. He, in effect, says no more than that if given an opportunity to file an amended

complaint, he would be able "to comply with the Federal Rules of Civil Procedure and state a claim against the Defendants . . . ." Id. at 8.   Considering plaintiff's concession, the court is not devoting time to a greater explanation as to why defendants' motion to dismiss has merit, and should be granted.

The second reason why a dismissal is appropriate is found in Rule 41(b) of the Federal Rules of Civil Procedure, which, in pertinent part, reads as follows:

> If the plaintiff fails to prosecute or to comply with
> these rules or a court order, a defendant may move to
> dismiss the action or any claim against it.

Fed. R. Civ. P. 41(b).

While the Rule authorizes such a dismissal upon motion of a defendant, the Supreme Court in Link v. Wabash R.R. Co., 370 U.S. 626, 630-32 (1962), held that a motion is not required, and that a dismissal authorized by the Rule can be made by the court acting on its own initiative.

Plaintiff's conduct in failing to comply with the May 16 order was a flagrant disregard of this court's authority.   Thus, a dismissal for failure to properly prosecute the action would be appropriate.   The conduct of defendant and his counsel of trying to disguise their failure to comply with the order by restructuring the sentences of the first pleading into numbered paragraphs, with one word change, in the amended pleading

constitutes contumacious conduct on the part of plaintiff that inevitably served to delay the proceedings and increase the cost of defense to the defendants. An alternative basis for dismissal of the action at this time is the dismissal authority contained in Rule 41(b), which the court exercises. No lesser sanction would adequately address plaintiff's failure to comply with the directives of the May 16 order.

### III.

### A Further Amended Pleading is Not Appropriate

On May 16, the court ordered plaintiff to file an amended pleading in compliance with the federal pleading requirements. He has not given any justification for his noncompliance. Therefore, the court has no reason to give him a further pleading opportunity.

Moreover, although his brief says that it is in support of a motion to amend complaint, he has not filed such a motion. Other than the introductory sentence of the brief stating that it is being filed as a response in opposition to defendants' motion to dismiss and in support of plaintiff's motion to file a second amended complaint, no mention whatsoever is made in the brief of an amended complaint before the feeble statement in the conclusionary sentence on pages 7-8 that the brief is being submitted "to demonstrate to the Court that [plaintiff] is able

to amend his Complaint to comply with the Federal Rules of Civil Procedure and state a claim against the Defendants."

Putting such a request for leave to amend in the conclusionary sentence of plaintiff's brief does not begin to comply with the rules of this court. While the rules of this court authorize a document to contain more than one motion, "[a]ny such document must clearly identify each included . . . motion . . . in its title." Rule LR 5.1(c) of the Local Civil Rules of the U.S. Dist. Court for the N. Dist. of Tex. Therefore, the "Conclusion" cannot be treated as a motion. Moreover, even if the court were to treat the wording of the conclusion as a motion for leave to amend, it nevertheless would be ineffective because of noncompliance with Rule LR 15.1(a) of the Local Civil Rules, which requires any motion for leave to amend to be accompanied by the proposed amended complaint. Obviously, if plaintiff was serious about this case, he would have filed a proper motion for leave to amend, and would have included with it his proposed amended complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a court "should freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). The court concludes that justice does not require allowing plaintiff to replead in this case.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, dismissed.

SIGNED July 30, 2013.

_____
JOHN McBRYDE
United States District Judge